UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10299-GAO

UNITED STATES OF AMERICA

v.

ROBERTO ESTEVAN ORTIZ,
Defendant.

ORDER
July 25, 2016

O'TOOLE, D.J.

Roberto Estevan Ortiz pled guilty in this Court to unlawful reentry of a removed alien in violation of 8 U.S.C. § 1326 on June 17, 2014. He was sentenced to thirty-seven months' imprisonment on April 24, 2015. The defendant has now filed a motion, *pro se* and self-dated May 13, 2016, for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. He alleges that since judgment was entered in this case, he has successfully vacated the state sentence that underlay his September 14, 2009 removal order from this country. He also states that, on that basis, the relevant immigration court reopened and administratively closed that original removal proceeding.

The defendant appears to suggest that, because the removal order has been invalidated, he is no longer factually guilty of unlawful reentry and that his conviction should be vacated.

Because the defendant pled guilty, he cannot now use Rule 33 to vacate his conviction and seek a trial. See United States v. Graciani, 61 F.3d 70, 78 (1st Cir. 1995). However, a criminal defendant seeking to collaterally attack his conviction may file a motion seeking that relief under 28 U.S.C. § 2255. The defendant's motion here is properly recharacterized as one under § 2255, and the Court intends to treat it as one. See Trenkler v. United States, 536 F.3d 85, 97 (1st Cir.

2008) ("[A]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover.") (citation omitted) (alteration in original).

However, rereading the motion as a § 2255 petition could alter the defendant's statutory rights. Defendants are greatly limited in bringing multiple motions under § 2255. See 28 U.S.C. § 2255(h). The defendant is hereby warned that this Court's "recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions." Castro v. United States, 540 U.S. 375, 383 (2003). Consequently, the defendant, instead of proceeding with this motion under § 2255, may "withdraw the motion or . . . amend it so that it contains all the § 2255 claims he believes he has." Id.

The defendant's Emergency[1] Motion for New Trial (dkt. no. 42) is DENIED in part as to its request under Rule 33. The Court intends to construe this motion as one for relief under 28 U.S.C. § 2255. Within twenty-one (21) days of the date of this order, the defendant may withdraw his motion or amend it in order to fully set out all his claims under § 2255. The Court will enter any necessary scheduling or service orders at that time.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

---

[1] The motion does not express what, if anything, makes the defendant's request an emergency. The defendant alleges he was to be released from prison on May 19, 2016. The motion papers were received by the Court on May 19 and docketed by the clerk's office on May 20.