UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 13-10299-GAO

UNITED STATES OF AMERICA,
Plaintiff,

v.

ROBERTO ESTEVAN ORTIZ,
Defendant.

OPINION AND ORDER
March 10, 2020

O'TOOLE, S.D.J.

On February 5, 2007, Roberto Estevan Ortiz was convicted in Massachusetts state court of distribution of cocaine. Subsequently, the United States Department of Homeland Security initiated removal proceedings against him, and he was removed to the Dominican Republic on October 2, 2009. In September 2013 Ortiz was found within the United States and charged with unlawful reentry of a removed alien in violation of 8 U.S.C. § 1326. On June 17, 2014, represented by counsel, he pled guilty to that offense.

In a pro se motion filed May 19, 2016, Ortiz moved for a new trial under Rule 33 of the Federal Rules of Criminal Procedure (dkt. no. 42). The Court determined that the motion should be recharacterized as a collateral attack on his conviction under 28 U.S.C. § 2255 and, in light of the recharacterization, gave Ortiz the opportunity to withdraw the recharacterized motion (dkt. no. 43). After receiving no response from the defendant, in accord with the Court's ruling, the Clerk

refiled the purported Rule 33 motion for new trial as a motion to vacate Ortiz's sentence under 28 U.S.C. § 2255 (dkt. nos. 44 and 45). See Ortiz v. United States, No. 1:16-CV-12059-GAO).[1]

Ortiz does not deny either that he was removed in 2009 or that he was thereafter found in the United States without permission in violation of § 1326. Instead he contends that his conviction of illegal reentry should be vacated because his state conviction that was the basis of that 2009 removal order was later vacated. However, at the time of his arrest for illegal reentry his prior conviction had not been vacated. The offense was committed when he reentered the United States without permission, having been previously convicted of the state offense. Subsequent events do not affect that fact.

Because Ortiz has not asserted a valid ground for seeking post-conviction relief, his motion, characterized as one under § 2255 (dkt. no. 45) is DENIED.

Finally, because the defendant has not "made a substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2), no certificate of appealability shall issue.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
Senior United States District Judge

---

[1] The government's initial response to this motion appeared to be based on a misunderstanding that the refiled motion was a second filing by the *defendant*, rather than a clerical act. The Court denied the government's request to dismiss the petition as a second and successive petition on October 25, 2019 (dkt. no. 51).